UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CHANENE HINDS,

                Plaintiff,

  -against-                                 MEMORANDUM & ORDER
                                                   14-CV-0342(JS)(AYS)
CHEXSYSTEM CONSUMER RELATIONS and
BANK OF AMERICA, N.A.,

                Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Chanene Hinds, pro se
                    62 East Centennial Avenue
                    Roosevelt, NY 11575

For Chexsystem:     Aleksander Piotr Powietrzynski, Esq.
                    Winston & Winston PC
                    295 Madison Ave, Suite 930
                    New York, NY 10017

For Bank of
America:             Kristen Danielle Romano, Esq.
                    Odera Chuke, Esq.
                    Wilson Elser Moskowitz Edelman & Dicker, LLP
                    1133 Westchester Avenue
                    White Plains, NY 10604

SEYBERT, District Judge:

        Pro se plaintiff Chanene Hinds ("Plaintiff") commenced this action on January 7, 2014 against defendants Chexsystem Consumer Relations ("Chexsystem") and Bank of America, N.A. ("Bank of America" or "BofA," and together with Chexsystem, "Defendants"), asserting violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., as amended by the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), Pub. L. No.

108-159, 117 Stat. 1952. Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Docket Entry 25, 31.) For the following reasons, Defendants' motions are GRANTED.

BACKGROUND

I. Deficiencies of Plaintiff's 56.1 Counterstatement

Before summarizing the factual background of this case, the Court must address Plaintiff's 56.1 Counterstatement. (See Docket Entry 24.) Local Civil Rule 56.1 requires a party moving for summary judgment to file a "short and concise statement, in numbered paragraphs" of the alleged undisputed facts on which the moving party relies, together with citation to admissible evidence supporting each such fact. See LOCAL CIV. R. 56.1(a), (d). In turn, the party opposing summary judgment must file a statement containing "a correspondingly numbered paragraph responding to each numbered paragraph" set forth in the moving party's statement. LOCAL CIV. R. 56.1(b). If the opposing party fails to controvert a fact set forth in the moving party's 56.1 statement that is also supported by admissible evidence, that fact will be deemed admitted for purposes of the summary judgment motion. LOCAL CIV. R. 56.1(c); Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003).

Where, as in this case, a represented party moves for summary judgment against a pro se litigant, Local Civil Rule 56.2 requires the represented party to serve the pro se litigant with a form notice regarding the procedure for opposing summary

judgment. LOCAL CIV. R. 56.2. The Rule 56.2 notice generally explains the summary judgment process and warns a pro se litigant that dismissal of the complaint may result in the event of a failure to "respond to th[e] motion on time by filing sworn affidavits and/or other documents as required by Rule 56(c) of the Federal Rules of Civil Procedure and by Local Civil Rule 56.1." LOCAL CIV. R. 56.2.

Bank of America and Chexsystem served their 56.1 Statements on Plaintiff on July 30 and October 8, 2014, respectively, but did not file proof of compliance with Local Civil Rule 56.2. (Docket Entries 20, 21-2.) Plaintiff subsequently served Defendants with a document responding to their 56.1 Statements, but it did not comply with Local Civil Rule 56.1. (Docket Entry 20, at 15-20[1].) Specifically, it did not cite to admissible evidence or set out correspondingly numbered paragraphs responding to the paragraphs set out in Defendants' 56.1 Statements. Accordingly, at the pre-motion conference on November 12, 2014, the Court served Plaintiff with a Rule 56.2 notice, explained to her the consequences of failing to file a proper 56.1 counterstatement, and granted her until December 10, 2014 to file a corrected 56.1 counterstatement. (See Docket Entry 23.) Despite

---

[1] These page numbers refer to the page numbers supplied by the Electronic Case Filing system.

3

the notice and warning, Plaintiff's new 56.1 Counterstatement suffers from the same deficiencies as the first. (See Docket Entry 24.) It does not directly respond to any of the facts alleged in Defendants' 56.1 Statements, nor does it cite to admissible evidence that would controvert any of the facts asserted in the 56.1 Statements.

The Court "is ordinarily obligated to afford a special solicitude to pro se litigants." Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010). However, if a pro se litigant is served with a Local Civil Rule 56.2 notice, he or she is "then not excused from meeting the requirements of Local Rule 56.1." Allen v. City of New York, 480 F. Supp. 2d 689, 703 (S.D.N.Y. 2007). Accordingly, to the extent that the factual assertions in Defendants' 56.1 Statements are supported by admissible evidence, the Court deems them admitted.

II. Factual Background

In August 2007, Plaintiff and her then-husband, Clarence Smith ("Smith"), opened two joint accounts with Bank of America. When they opened the accounts, Plaintiff and Smith signed forms acknowledging that a separate deposit agreement would govern the accounts. (Chuke Decl., Docket Entry 26, Ex. A.) The deposit agreement provided that the accounts were jointly held, that Plaintiff and Smith were the "agents" of each other with respect to the accounts, and that Plaintiff and Smith "authorize[d] each

4

other . . . to operate the account[s] without the consent of [the] other[,] . . . includ[ing] [the] authority to: . . . draw upon any overdraft." (Chuke Decl., Docket Entry 26, Ex. B at 3.) The deposit agreement further provided that Plaintiff and Smith were "jointly and severally liable to [Bank of America] for: . . . all amounts owed to [Bank of America] . . . [, including] overdrafts." (Chuke Decl. Ex. B at 4.)

Between February and May 2012, several overdraft transactions were made that resulted in negative balances on the accounts. (BofA's 56.1 Stmt., Docket Entry 20, ¶¶ 7-8; Chexsystem's 56.1 Stmt., Docket Entry 21-1, ¶¶ 6-11.) In June 2012, after nearly three consecutive months of negative balances, Bank of America closed the accounts and reported the overdrafts as "account abuse" to Chexsystem, a consumer reporting agency. (BofA's 56.1 Stmt. ¶¶ 10, 12; Chexsystem's 56.1 Stmt. ¶¶ 9-10; Weber Aff., Docket Entry 34, Ex. 1.) Chexsystem subsequently included the information on Plaintiff's consumer report.

Between April 5, 2013 and January 6, 2014, Plaintiff sent Chexsystem nine letters disputing the information and requesting that it be removed from her consumer report. (See Weber Aff. Exs. 2, 7, 10, 12, 18, 24, 26, 31, 33.) Plaintiff claimed that the information should not appear on her consumer report because Smith actually made the overdraft transactions while he and Plaintiff were separated. (See, e.g., Weber Aff. Ex. 10 ("[M]y

5

husband, who [sic] I am separated from and filing for divorce[,] was the one using this account and doing whatever he is doing without my knowledge"); Ex. 18 ("I now have proof that it is my husband who has done whatever it is for my account to have been placed in CHEXSYSTEM." (capitalization in original)). At the time Smith made the overdraft transactions, he and Plaintiff were still married and still jointly held the accounts.

In response to four of Plaintiff's letters, Chexsystem immediately notified Bank of America of the dispute and asked Bank of America to reinvestigate the information. (Weber Aff. Exs. 4, 13, 20, 28.) In response to each request for reinvestigation, Bank of America promptly investigated the information, determined that the information was accurate, and reported the results of the investigation to Chexsystem. (Weber Aff. Exs. 5, 6, 15, 21, 22, 29.) Chexsystem communicated the results of each investigation to Plaintiff. (Weber Aff. Exs. 9, 17, 23, 30.) Chexsystem declined to investigate the remaining letters because they either were duplicative of pending investigations or Chexsystem determined that they did not warrant an investigation in light of the fact that Bank of America had already verified the information on multiple occasions. (See Weber Aff. Exs 8, 10, 25, 32, 34.)

Between May 21 and December 19, 2013, Plaintiff also sent five dispute letters directly to Bank of America. (See Chuke Decl. Ex. H.) Like the letters to Chexsystem, Plaintiff again

asserted that the information on her consumer report was inaccurate because Smith was responsible for the overdraft transactions. (See Chuke Decl. Ex. H.) Bank of America never conducted an investigation in direct response to any of Plaintiff's letters, and the information on Plaintiff's consumer report was never removed.

Plaintiff commenced this action on January 7, 2014, alleging that Defendants violated the FCRA. On January 8, 2015, Defendants filed motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Docket Entries 25, 31.) On March 4 and 5, 2015, Defendants filed letters advising the Court that they had not received an opposition from Plaintiff by the deadline set by the Court at the pre-motion conference. (Docket Entries 40, 41.) Plaintiff attempted to file an opposition thereafter. However, on April 3, 2015, the Pro Se Office returned Plaintiff's opposition papers without docketing because they did not indicate whether Plaintiff served them on Defendants. (Docket Entry 42.) Plaintiff has not sought an extension of time to file a late opposition, and the docket reflects no activity since the Pro Se Office returned Plaintiff's opposition papers.

## DISCUSSION

I. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the

7

movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997).

"The burden of showing the absence of any genuine dispute as to a material fact rests on the party seeking summary judgment." Id.; see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). A genuine factual issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. To defeat summary judgment, "the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Anderson, 477 U.S. at 256). "[M]ere speculation or conjecture as to the true nature of the facts" will not overcome a motion for summary judgment. Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986); see also Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986) ("Mere conclusory allegations or denials

8

will not suffice." (citation omitted)); Weinstock, 224 F.3d at 41 ("[U]nsupported allegations do not create a material issue of fact.").

II. Analysis

The FCRA "regulates credit reporting procedures to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information." Longman v. Wachovia Bank, N.A., 702 F.3d 148, 150 (2d Cir. 2012) (citing 15 U.S.C. § 1681(b)). It "'places distinct obligations on three types of entities: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies.'" Nguyen v. Ridgewood Sav. Bank, No. 14-CV-1058, 2015 WL 2354308, at *7 (E.D.N.Y. May 15, 2015) (quoting Redhead v. Winston & Winston, P.C., No. 01-CV-11475, 2002 WL 31106934, at *3 (S.D.N.Y. Sept. 20, 2002)).

The Complaint is scant and does not identify the specific provisions of the FCRA upon which Plaintiff bases her claims. The Complaint alleges that Chexsystem "would not provide [Plaintiff] with the evidence they use [sic] to validate" the information on her consumer report and that Bank of America "never ever responded to [her] as the law states they have 30 days to repond [sic]." (Compl. at 2.) Based on these allegations, Plaintiff appears to

invoke Sections 1681e(b) and 1681i of the FCRA against Chexsystem and Section 1681s-2(a)(8) of the FCRA against Bank of America.[2]

Section 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Section 1681i sets forth the procedures a consumer reporting agency must follow after receiving a dispute from a consumer as to the accuracy of information included in a consumer report. 15 U.S.C. § 1681i. Section 1681s-2(a)(8) requires a furnisher of information to conduct an investigation after receiving a direct dispute from a consumer. 15 U.S.C. § 1681s-2(a)(8). Chexsystem and Bank of America are

---

[2] Plaintiff also alleges for the first time in her 56.1 Counterstatement and opposition papers that she is also asserting claims of negligence and defamation under New York law and claims under the Fair Debt Collection Practices Act and the New York Consumer Credit Fairness Act. (Pl.'s 56.1 Counterstmt., Docket Entry 24, at 2; Pl.'s Opp. Br., Docket Entry 42, at 1.) However, the Court "cannot consider claims that are alleged for the first time in opposition papers to a motion." Henry v. Dow Jones, No. 08-CV-5316, 2009 WL 210680, at *4 n.5 (S.D.N.Y. Jan. 28, 2009); Malmsteen v. Universal Music Grp., Inc., 940 F. Supp. 2d 123, 135 (S.D.N.Y. 2013) ("Because [the plaintiff] failed to include this claim in his Amended Complaint, instead raising it for the first time in opposition to summary judgment, it is waived. (footnote omitted)); Brandon v. City of New York, 705 F. Supp. 2d 261, 278 (S.D.N.Y. 2010) ("It is black letter law that a party may not raise new claims for the first time in opposition to summary judgment."). Accordingly, Plaintiff's newly asserted claims are rejected.

entitled to summary judgment on all of Plaintiff's claims under these provisions.

With respect to the claims against Chexsystem, in order to prevail under Section 1681e(b) or 1681i, Plaintiff must demonstrate that the information included in her consumer report was inaccurate. See Nguyen, 2015 WL 2354308, at *10-11 ("In order to succeed on a claim under Section 1681e(b), a plaintiff must show that: '. . . the consumer reporting agency reported inaccurate information about the plaintiff.'" (quoting Gorman v. Experian Info. Solutions, Inc., No. 07-CV-1846, 2008 WL 4934047, at *4 (S.D.N.Y. Nov. 19, 2008)); Jones v. Experian Info. Solutions, Inc., 982 F. Supp. 2d 268, 272-73 (S.D.N.Y. 2013) ("[A] 'plaintiff asserting claims under § 1681i must demonstrate that the disputed information is inaccurate in order to prevail on allegations that a consumer reporting agency had failed to reasonably reinvestigate a disputed item.'" (quoting Fashakin v. Nextel Commc'ns, No. 05-CV-3080, 2009 WL 790350, at *11 (E.D.N.Y. Mar. 25, 2009)). However, there is no dispute that Chexsystem reported accurate information about Plaintiff. Chexsystem reported Plaintiff's accounts because they were overdrawn and maintained negative balances for nearly three consecutive months. Contrary to Plaintiff's convictions, it is irrelevant that Smith made the transactions that resulted in the negative balances. When Plaintiff opened the accounts with Smith, she acknowledged that

11

the accounts would be jointly held; she authorized Smith to operate the accounts without her consent, including to overdraw on the accounts; and she agreed to be held jointly and severally liable for the conduct of the other with respect to the accounts. (Chuke Decl. Ex. B at 3-4.) Thus, Plaintiff cannot argue that Chexsystem reported inaccurate information about her accounts, and this is fatal to her claims under Sections 1681e(b) and 1681i.

Finally, Plaintiff's claim against Bank of America also fails because there is no private right of action under Section 1681s-2(a)(8). Longman, 702 F.3d at 151 (holding that there is no private right of action for a violation of Section 1681s-2(a) because "the statute plainly restricts enforcement of that provision to federal and state authorities").[3] Accordingly, Defendants' motions for summary judgment are GRANTED.

---

[3] Although Section 1681s-2(a) does not provide a private right of action, Section 1681s-2(b) does. In contrast to Section 1681s-2(a), which is triggered when a consumer sends a dispute directly to a furnisher of information, Section 1681s-2(b) is triggered when the furnisher receives a consumer's dispute from a consumer reporting agency. Compare 15 U.S.C. § 1681s-2(a)(8) with 15 U.S.C. § 1681s-2(b)(1). Under Section 1681s-2(b)(1), upon receipt of such, the furnisher must conduct an investigation and report the results to the consumer reporting agency. 15 U.S.C. § 1681s-2(b)(1). If the furnisher's investigation reveals that the information is incomplete or inaccurate, it must correct the information. 15 U.S.C. § 1681s-2(b)(1). The Court does not read the Complaint to assert a claim under Section 1681s-2(b). However, to the extent it can be read to assert such a claim, it would fail because Bank of America complied with the procedure set out in Section 1681s-2(b) each time it received a notice of dispute from Chexsystem.

CONCLUSION

For the foregoing reasons, Defendants' motions for summary judgment (Docket Entries 25, 31) are GRANTED. The Clerk of the Court is directed to enter judgment accordingly, mail a copy of this Memorandum and Order to pro se Plaintiff, and mark this case CLOSED.

Given Plaintiff's pro se status, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis status is DENIED for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   September  30 , 2015
         Central Islip, New York